IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 3:24-CR-19-KAC-JEM |
| | ) | 3:10-CR-56-KAC-JEM |
| HENRI L. EWING, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on Defendant Henri Ewing's pro se letter expressing concerns about his representation and his desire to move to another facility for pretrial detention [Doc. 322].[1] An identical letter was filed in Defendant Ewing's second criminal case, in which a petition to revoke his supervised release is pending [No. 3:10-CR-56, Doc. 566]. The undersigned appointed Attorney Michael Cabage to represent Defendant Ewing in both cases [Doc. 78; No. 3:10-CR-56, Doc. 527].

In his letter, Defendant states that Mr. Cabage has not provided a complete copy of all discovery to him, nor has counsel reviewed with him any of the hundreds of hours of video recordings in this case [Doc. 322 p. 1]. Defendant contends that the Blount County Detention Center, where he is detained, is not equipped for him to view video discovery and that he has very limited access to the kiosk on which inmates may view the law library [*Id.*]. Defendant alleges that counsel is urging him to accept a plea offer before he has reviewed all the discovery [*Id.*]. Although Defendant states he is "trying to salvage [his] trust" in defense counsel, he also states that he has written the Board of Professional Responsibility about his situation and asks for the Court's assistance with his concerns [*Id.*].

---

[1] Unless otherwise stated, all citations are to the docket in case number 3:24-CR-19.

Before it can substitute court-appointed counsel, the Court must find an actual conflict of interest or an irreparable breakdown in the attorney-client relationship. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)). Here, whether Defendant Ewing is requesting substitute counsel is not clear, and if he is, the undersigned requires additional information to make this determination.

Accordingly, the Court **ORDERS** as follows:

(1) defense counsel is **DIRECTED** to confer with Defendant about his pro se filing [Doc. 322; No. 3:10-CR-56, Doc. 566] and to file a motion for review of the attorney-client relationship, a motion to withdraw the pro se filing, or other motion, as appropriate;

(2) defense counsel shall make the above directed filing on or before **December 2, 2024**, and

(3) defense counsel shall address any issues relating to Defendant's conditions and care at the jail with the United States Marshals Service before filing a motion regarding those issues with the Court.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge